[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION FOR MODIFICATION OF CHILD SUPPORT
Plaintiff George Rucker wants this court to modify the support provisions of the divorce judgment by vacating his obligation to pay support and by imposing an obligation on defendant Cora Rucker to pay support for the parties' minor child. After considering the evidence and reviewing the relevant provisions of the divorce judgment, the court concludes that the plaintiff's support obligation should be reduced to $250.00 per month.
Under the original judgment, which was entered on May 8, 1991, the parties were awarded joint custody of the minor children with physical custody to the defendant-wife. At the time, there were two minor children. Presently, one child is still a minor. The plaintiff-husband was ordered to pay $180 per week as child support. The defendant-wife was given exclusive possession of the family residence until the youngest child attains the age of eighteen or, if earlier, no longer lives at the residence. At such time as the youngest child becomes eighteen or, if earlier, the youngest child no longer uses the house as the child's principle place of residence, the house is to be sold and the net proceeds shared equally between the plaintiff and the defendant. The defendant-wife was given an option to purchase the plaintiff-husband's interest. The defendant-wife was ordered to make the payments on the mortgage loan and the equity loan while in possession of the house.
On October 22, 1993, the judgment was modified. The plaintiff was ordered to pay $600.00 per month as child support. He was directed to pay $350.00 of the $600.00 monthly obligation to Sikorsky Federal Credit Union in payment of the equity loan. The balance of the $600.00 monthly obligation was to be paid at the rate of $57.69 per week to the defendant.
On June 8, 1994, the plaintiff filed motions relating to custody and child support. Pending the outcome of these motions, CT Page 7154 the parties agreed that the physical residence of the minor child shall be with the plaintiff-father. In one of his motions, the plaintiff-father asks for exclusive possession of the family home. On June 16, 1994, the parties agreed that the minor child shall reside with the plaintiff-father until a family relations evaluation of the custody situation is completed.
The plaintiff-father now wants this court to vacate the support under which he is to pay $600 a month and to direct the defendant-mother to pay $103.00 per week to him as child support. The father claims this result is required by the child support guidelines.
There are special circumstances which exist in this case for a deviation from the support guidelines. The present residence of the child is temporary. After the family relations evaluation is completed, a hearing will be held on the father's request for custody. Pending the resolution of the custody conflict, the mother's residence should be considered as the principle residence of the child. Thus, the home must still be maintained as a home for the child and the mother. The house is to be sold when the youngest child no longer uses the home as a principle residence. The triggering point for the sale of the house has not yet occurred.
Because of the special circumstances, the court concludes that the father's support obligation should be reduced from $600.00 to $250.00 per month and that the mother should not be required to pay support at this time. The support obligation of $250.00 should be paid directly to the Sikorsky Federal Credit Union in partial payment of the equity loan on the home.
During the oral arguments on this motion, the plaintiff-husband argued that the pro se defendant should now give him possession of the home since he has temporary custody of the child. While this request is not presently before the court, the court nevertheless notes that this relief appears to be prohibited by the property settlement set forth in the divorce decree. If the house is no longer the principle residence of the youngest child, the house is to be sold and the proceeds are to be divided between the parties. The house is not to be given to the husband for his use until the child attains the age of majority.
GEORGE N. THIM, JUDGE CT Page 7155